## WILLIAM T. EVANS *v.* GEORGE BRONSON, WARDEN (7307)

DUPONT, C. J., BORDEN and FOTI, Js.

Argued June 22—decision released September 5, 1989

*William T. Evans,* pro se, the appellant (petitioner).

*Kevin T. Kane,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (respondent).

FOTI, J. The petitioner appeals from the habeas court's dismissal of his petition for a writ of habeas corpus, after granting the respondent's motion to quash. The dispositive issue is whether the habeas court erred in concluding that the petitioner, who was charged with being a persistent dangerous felony

offender for a crime committed after July 1, 1981, was not exposed to a sentence of life imprisonment and, therefore, not entitled to a hearing in probable cause. We find no error.

The petitioner was charged in the first part of an information with committing robbery in the first degree on or about September 30, 1983, in violation of General Statutes § 53-134. In the second part of the information, he was charged with being a persistent dangerous felony offender in violation of General Statutes (Rev. to 1983) § 53a-40 (a).[1] The petitioner was convicted after a jury trial on both counts of the information and, pursuant to General Statutes §§ 53a-40 (f)[2]

---

[1] General Statutes (Rev. to 1983) § 53a-40 (a) provides in pertinent part: "PERSISTENT OFFENDERS: DEFINITIONS, DEFENSE; AUTHORIZED SENTENCES. A persistent dangerous felony offender is a person who (1) stands convicted of . . . robbery in the first or second degree . . . and (2) has been, prior to the commission of the present crime, convicted of and imprisoned, under a sentence to a term of imprisonment of more than one year or of death, in this state or in any other state or in a federal correctional institution for any of the following crimes: (A) The crimes enumerated in subdivision (1), the crime of murder, or an attempt to commit any of said crimes or murder; or (B) prior to October 1, 1975, any of the crimes enumerated in section 53a-72, 53a-75 or 53a-78 of the general statutes, revision of 1958, revised to 1975, or prior to October 1, 1971, in this state, assault with intent to kill under section 54-117, or any of the crimes enumerated in sections 53-9, 53-10, 53-11, 53-12 to 53-16, inclusive, 53-19, 53-21, 53-69, 53-78 to 53-80, inclusive, 53-82, 53-83, 53-86, 53-238 and 53-239 of the general statutes, revision of 1958, revised to 1968, or any predecessor statutes in this state, or an attempt to commit any of said crimes; or (C) in any other state, any crimes the essential elements of which are substantially the same as any of the crimes enumerated in subdivision (1) or (2)."

[2] General Statutes (Rev. to 1983) § 53a-40 (f) provides: "When any person has been found to be a persistent dangerous felony offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that *extended incarceration and lifetime supervision* will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by section 53a-35 for the crime of which such person presently stands convicted, or authorized by section 53a-35a if the crime of which such person presently stands convicted was committed on or after July 1, 1981, *may impose the sentence of imprisonment authorized by said section for a class A felony.*" (Emphasis added.)

and 53a-35a,[3] was sentenced to a term of twenty-five years in prison. He claims that he was entitled to a probable cause hearing pursuant to article first, section 8, of the Connecticut constitution as amended by article seventeenth of the amendments[4] and General Statutes § 54-46a (a).[5]

A person who is charged with a crime that is "punishable by death or life imprisonment" and "who has not been indicted prior to May 26, 1983," is entitled to a "preliminary hearing [to determine whether] there is probable cause to believe that the offense has been committed and that the accused person has committed it."

---

[3] General Statutes § 53a-35a provides in pertinent part: "IMPRISONMENT FOR ANY FELONY COMMITTED ON OR AFTER JULY 1, 1981: DEFINITE SENTENCES; TERMS AUTHORIZED. For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the court as follows . . . (2) for the class A felony of murder, a term not less than twenty-five years nor more than life; (3) *for a class A felony other than murder*, a term not less than ten years nor more than twenty-five years; (4) for a class B felony, a term not less than one year nor more than twenty years, except that for a conviction under section 53a-55a, 53a-59 (a) (1), 53a-59a, 53a-70a, 53a-94a, 53a-101 (a) (1) or 53a-134 (a) (2), the term shall be not less than five years nor more than twenty years . . . ." (Emphasis added.)

[4] Article first, section 8, of the Connecticut constitution as amended by article seventeenth of the amendments, provides in pertinent part: "No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law, nor shall excessive bail be required nor excessive fines imposed. No person shall be held to answer for any crime, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law, except in the armed forces, or in the militia when in actual service in time of war or public danger."

[5] General Statutes § 54-46a (a) provides: "PROBABLE CAUSE HEARING FOR PERSONS CHARGED WITH CRIMES PUNISHABLE BY DEATH OR LIFE IMPRISONMENT. (a) No person charged by the state, who has not been indicted by a grand jury prior to May 26, 1983, shall be put to plea or held to trial for any crime *punishable by death or life imprisonment* unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause." (Emphasis added.)

General Statutes § 54-46a (a); Conn. Const., amend. XVII. Under this section, *only* a person who is exposed to a sentence of life imprisonment or death is entitled to a probable cause hearing.

The petitioner argues that a prerequisite for sentencing a persistent felony offender, pursuant to § 53a-40 (f), is that the court find that "extended incarceration and lifetime supervision will best serve the public interest." He argues that this phrase subjects him to life "imprisonment," and as a consequence, he was entitled to a probable cause hearing. The petitioner's argument incorrectly equates "supervision"[6] with "imprisonment," and misconstrues the clear intent of § 53a-40 (f). We read the phrase "extended incarceration and lifetime supervision" as an expression of the legislature's policy in enacting this statute, and therefore, not as mandating any particular sentence. Rather than imposing any particular sentence, § 53a-40 (f) merely authorizes a sentence for a class A felony and then directs the trial court to consult the applicable sentencing statute, depending on the date the offense occurred. See General Statutes §§ 53a-35a and 53a-35. Under the applicable statute in this case, the maximum prison sentence to which the petitioner was exposed was twenty-five years.

Pursuant to General Statutes § 53a-40 (f), a person who is convicted of being a persistent dangerous felony offender, either before or after July 1, 1981, may be sentenced to a term of imprisonment authorized by the applicable statutes for a class A felony. Prior to July 1, 1981, indeterminate sentencing was mandated for all felonies, and the maximum term for a class A felony,

---

[6] The phrase "lifetime supervision" is plain and clearly relates to parole or probation, and not to incarceration. Definite sentencing mandated by § 53a-35a for felonies committed after July 1, 1981, effectively eliminated parole in Connecticut. *State* v. *Dupree,* 196 Conn. 655, 659, 495 A.2d 691, cert. denied, 474 U.S. 951, 106 S. Ct. 318, 88 L. Ed. 2d 301 (1985).

including murder, was life imprisonment. General Statutes § 53a-35 (a) and (b).[7] For crimes committed on or after July 1, 1981, however, General Statutes § 53a-35a mandates definite sentencing and sets forth the current sentencing scheme. Section 53a-35a distinguishes between two types of class A felonies and provides in pertinent part: "(2) for the class A felony of murder, a term not less than twenty-five years nor more than life; (3) *for a class A felony other than murder,* a term not less than ten years nor more than twenty-five years . . . . " (Emphasis added.)

Because the petitioner was convicted after July 1, 1981, General Statutes § 53a-35a is applicable to his case. Since he was convicted of a "class A felony other than murder," the maximum prison sentence that the court could have imposed under that section was twenty-five years. Under these circumstances, the petitioner could not have received a sentence of life imprisonment or death and, therefore, no probable cause hearing was required.

There is no error.

In this opinion the other judges concurred.

---

[7] General Statutes § 53a-35 provides in pertinent part: "IMPRISONMENT FOR ANY FELONY COMMITTED PRIOR TO JULY 1, 1981: INDETERMINATE SENTENCES; MAXIMUM AND MINIMUM TERMS. (a) For any felony committed prior to July 1, 1981, the sentence of imprisonment shall be an indeterminate sentence, except as provided in subsection (d). When such a sentence is imposed the court shall impose a maximum term in accordance with the provisions of subsection (b) and the minimum term shall be as provided in subsection (c) or (d).

"(b) The maximum term of an indeterminate sentence shall be fixed by the court and specified in the sentence as follows: (1) For a class A felony, life imprisonment; (2) for a class B felony, a term not to exceed twenty years; (3) for a class C felony, a term not to exceed ten years; (4) for a class D felony, a term not to exceed five years; (5) for an unclassified felony, a term in accordance with the sentence specified in the section of the general statutes that defines the crime; and (6) for a capital felony, life imprisonment unless a sentence of death is imposed in accordance with section 53a-46a."